762 F.2d 1012
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
EDGAR HARTIGAN, TAMMIE BANKS, CHAUNCEY M. MOREHEAD,
DEFENDANTS-APPELLANTS.
 NO. 84-3307, 84-3308, 84-3309, 84-3473
 United States Court of Appeals, Sixth Circuit.
 3/4/85
 
 On Appeal from the United States District Court for the Southern District of Ohio
 Before: ENGEL and KRUPANSKY, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 On September 20, 1983, a federal grand jury returned an eight-count indictment charging seven defendants, including appellants Banks, Hartigan and Morehead, with conspiring to distribute marijuana in violation of 21 U.S.C. Sec. 846. Edgar Hartigan was also charged with possessing with intent to distribute marijuana and with distributing marijuana both in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. Tammie Banks was also charged with possessing with intent to distribute marijuana in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2 and with interstate travel to promote an unlawful activity in violation of 18 U.S.C. Sec. 1952 and 18 U.S.C. Sec. 2.
 
 
 2
 A jury found Banks, Hartigan and Morehead guilty of conspiring to distribute marijuana, Hartigan and Banks guilty of possessing 305 pounds of marijuana with intent to distribute, Hartigan guilty of distributing marijuana, and Banks guilty of a violation of the Travel Act. Defendants Hartigan and Banks were sentenced on March 16, 1984 and Morehead was sentenced on April 9, 1984.
 
 
 3
 All three defendants appeal from their convictions contending that the district court erred in denying each defendant's motion for a separate trial. Defendants Banks and Hartigan also claim that the district court committed reversible error by failing to rule on their motion to suppress evidence prior to trial. Defendants Hartigan and Morehead also contend that the district court improperly instructed the jury concerning the law of conspiracy, improperly admitted expert testimony in interpreting drug documents, and impermissibly interjected itself into the proceedings. Hartigan additionally contends that the district court impermissibly admitted evidence obtained with a search warrant lacking probable cause, erred in allowing the introduction of a weapon into evidence, abused its discretion by failing to permit a jury view, abused its discretion by refusing to grant a hearing for a new trial based on an affidavit of an improper jury contact, erred in not finding a due process violation upon the government's failure to disclose prior statements of a witness, and abused its discretion by failing to order a hearing on newly discovered evidence. Hartigan also asks to be released pending consideration of this appeal. Morehead alleges an additional twelve assignments of error. It is alleged that the trial court erred by accepting the government's unsatisfactory bill of particulars, by admitting hearsay declarations, by refusing to suppress testimony of witnesses, by refusing to require the government to disclose witnesses, in allowing jurors to take notes and ask questions, by limiting cross-examination, by admitting the government's exhibits and not his exhibits, by instructing the jury that he was involved with the baling of marijuana, and by failing to give a negative response to a jury question.
 
 
 4
 Appellant Hartigan asserts twelve separate claims of error warranting reversal; appellant Banks asserts two separate claims of error; and appellant Morehead asserts sixteen separate claims of error.
 
 
 5
 The court has carefully considered all of these claims and finds them to be without merit or need of extended discussion. Most serious is the claim of the defendants that the trial judge abdicated his obligation of impartiality by continual and unfair interruptions of counsel for the defendants during opening argument and during the examinations of witnesses. In this respect, counsel for defendant Morehead particularly asserts that he was unduly restricted by the trial court's insistence that, as third and last defense counsel to interrogate witnesses on cross-examination, he confine his questions to those not previously asked and limit his inquiry to only those matters concerning his client. While this claim, if supported by the record, would be serious, the court is of the opinion that Morehead's counsel was not seriously impaired in his ability to present an adequate defense of his client. It also does not appear that any evidence or inference therefrom which counsel might have desired to present to the jury was precluded. While it is true that the trial court vigorously maintained control of the proceedings, we are unable to say that he did so unnecessarily or that he exceeded the considerable latitude given trial judges in such matters.
 
 
 6
 The defendants also strenuously assert that the trial court erred in failing to hold an evidentiary hearing on their motions to suppress until after the trial had commenced and jeopardy had thus attached. We conclude, however, that there was no resulting prejudice to the defendants therefrom sufficient to warrant reversal.
 
 
 7
 Finally, the defendants also claim that the trial judge erred in failing to grant separate trials. Since all three defendants were charged with conspiracy, most, if not all, of the evidence would have been admissible in separate trials of the defendants. In addition, the record indicates that the jury was not prevented from performing its essential task of determining the individual guilt of each defendant beyond a reasonable doubt.
 
 
 8
 The court finds the remaining assertions to be without merit.
 
 
 9
 AFFIRMED.